WELLINGTON B. FREER, Plaintiff, *v.* FRANK ARNOLD, Defendant.

Supreme Court, Monroe County, August 19, 1924.

Vendor and purchaser — specific performance of contract for exchange of real estate and mortgages — titles marketable though front wall of vendor's building extends over street line fifteen inches where line was given practical location by both city and property owners for fifty years — parol evidence of ancient boundary competent — municipality may be estopped from asserting sovereignty over strip of land.

Specific performance of a contract for the exchange of real estate and mortgages will be decreed where the titles are valid and marketable, though the front wall of the vendor's building extends fifteen inches over the street line, and the line has been given practical location by both the city and the property owners for upwards of fifty years.

Parol evidence as to the location of the street line was competent, in the absence of record evidence, since the line constituted an ancient boundary.

While there can be no adverse possession against a municipality, a municipality may be estopped by its acts and conduct from use of a street.

ACTION for specific performance.

*Nicholas J. Weldgen* and *Arthur E. Sutherland*, for the plaintiff.

*Thomas P. McCarrick* and *Everett K. Van Allen*, for the defendant.

THOMPSON, J. Having reached a conclusion that the titles to the respective properties that plaintiff has bound himself to convey to defendant are marketable, and that the mortgage securities agreed to be assigned rest upon good and marketable titles, and are valid liens thereon, as set forth in the contract (34 Cyc. 1452), I do not consider the question of defendant's sincerity or timeliness in laying his objections, or his waiver thereof, as urged by plaintiff at the trial and on submission.

The action is for the specific performance of a contract for the exchange of real estate and real estate mortgages. Both parties are intelligent men and experienced in such transactions; and it is obvious that each was abundantly able to care for his interests in the negotiations that preceded the contract, and that the agreement was entered into after a thorough and skillful consideration by each. At various times after the contract was signed defendant raised specific objections to the land titles involved; some before suit, some by answer, and some upon the trial. With the corrections made by plaintiff to meet these objections I find that there is no reasonable doubt as to the validity or marketability of any of these titles or securities. Nor do I find fraud or misrepresentation practiced or designed in the transaction.

The serious question in the case is the claim of defendant that

the front wall of the building on plaintiff's State street property extends over the line of the street fifteen inches. No record evidence of the location of this line was offered; indeed it seems that there is none in existence. In such case parol evidence is admissible and properly to be considered upon the question of the location of a line, it being an ancient boundary. 4 Chamberlayne Ev. § 2804a; *McKinnon* v. *Bliss*, 21 N. Y. 206.

Thus evidence that the old buildings on State street have been erected and maintained on this line for more than thirty years is competent. Defendant relies upon a survey and map, made just before trial, to establish the encroachment. Plaintiff produces a map of the street found in an atlas published in 1875, and recorded in the county clerk's office, and oral proof, to establish that the east line of State street and the west line of this lot, as well as several others, occupied by the buildings now found on them, has been one and the same for fifty years. In such case it must be held that the line has been given practical location by both the city and the property owners.

While it is true that there can be no adverse possession against a municipality, it is equally true that a municipality can by its act and conduct be estopped to use a street. 13 R. C. L. 65; 40 L. R. A. (N. S.) 1213.

During all of these years the city has refrained from making any claim of encroachment on the street, and from performing any act of sovereignty over this fifteen-inch strip. On the contrary, it has assumed jurisdiction over the street as it now stands, and it has performed countless acts of governmental control and administration over it in that form, thus recognizing it as it is, as a permanent and perfectly defined and bounded business thoroughfare. Upon this the property owners had a right to rely, and doubtless have relied, and, in case the city should at any time bring an action for the removal of the front walls of these buildings as encroachments, these facts would be available to them in equity, by way of estoppel. *St. Vincent Asylum* v. *City of Troy*, 12 Hun, 317; revd., on other grounds, 76 N. Y. 108.

The possession of all or a part of a street by private persons may be protected on the theory of an estoppel of the municipality by acquiescence. 28 Cyc. 843.

There are not sufficient facts here to excuse defendant from performing his part of the contract. These titles are all marketable, and specific performance must be decreed. Costs to plaintiff.

Settle findings on consent or notice.

Judgment accordingly.